IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 14-273E |
| PAUL A. OIEN, SR. and KIM M. OIEN | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. RECOMMENDATION

On January 13, 2015, United States of America ("Plaintiff") filed a Motion for Default Judgment [ECF No. 7] against Paul A. Oien, Sr. and Kim M. Oien ("Defendants"). After careful review of Plaintiff's Complaint [ECF No. 1], the Request for entry of Default [ECF No. 6], and the Motion for Default Judgment, together with the exhibits attached thereto, it is respectfully recommended that Plaintiff's Motion for Default Judgment be granted and the Order requested by Plaintiff [ECF. No. 7-2] regarding relief and damages be entered against Defendant.

## II. REPORT

### A. Procedural and Factual Background

This action was brought by the United States of America, on behalf of its agency, the United States Department of Agriculture, Rural Housing Service to foreclose on a Note and Mortgage upon real property situated in Venango County in the Commonwealth of

1

Pennsylvania and commonly known as 454 Kings Run Road n/k/a 8 Matthews Lane, Shinglehouse, PA 16748. [ECF No. 1, with exhibits A-D]. The Complaint was filed on October 31, 2014, and alleges that Plaintiff made a loan to Defendants in the sum of $44,210.00, payable in monthly installments as evidenced by a Promissory Note dated February 1, 2000. [ECF No. 1, Exhibit A]. The Note was secured by a mortgage in the sum of $44,210.00 ("Mortgage") on the aforesaid property, which was duly recorded on February 2, 2000 in the Recorder of Deeds Office of McKean County in Mortgage Book Volume 320, page 973. [ECF No. 1, Exhibit B].

According to the Complaint, Defendant is in default under the Note and Mortgage as a result of his failure to make payments when due, failed to pay real estate taxes when due; and failed to maintain the security of the property. As a result of the failure to make payment, Plaintiff accelerated the balance due and Defendants are now in default for failing to pay Plaintiff the accelerated balance. By letter dated September 10, 2013, Plaintiff sent Defendant a Notice of Intention to Foreclose [ECF No. 1, Exhibit D] by certified mail to his last known address.

The total amount now due and owing, including interest, attorney's fee, interest recapture, late charges, fess with payoff funds and currently assessed fees is $61,562.81, as delineated in the complaint. [ECR No. 1, ¶ 10).

On February 11, 2015, a copy of the Complaint and Summons was served on Defendants [ECF Nos. 2 and 5]. On March 12, 2015, in light of Plaintiff's failure to answer or assert a defense, Plaintiff filed a Request for Entry of Default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 6]. Attached to the Request was an affidavit of service. [ECF No. 6-1 a declaration under penalty of perjury by Plaintiff's counsel,

On March 13, 2015, the Clerk of Court entered the Default. [ECF No. 9]. Plaintiff filed

a Motion for Default Judgment, pursuant to Rule 55 requesting a sum certain total of $61,562.81, including principal, interest from 5/1/13 to 7/21/14, interest credit subject to recapture, penalty charges and late fees, currently assessed fees and post judgment interest. Plaintiff has provided the affidavit of attorney Thomas I. Puleo attesting that service was made upon the Defendants and that Defendants are not in the military service nor is either a minor or incompetent. Plaintiff seeks to have the United States Marshal sell the subject property to satisfy the judgment and for distribution of the proceeds to the Plaintiff in the amount adjudged due. [ECF No. 7 and 7-2].

### B. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Entry of default judgment is a matter within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also* Stout Street Funding LLC v. Johnson, 2014 WL 5591043 *2 (E.D.Pa. Nov. 4, 2014).

### C. Analysis

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has shown that (1) the Complaint was personally served upon Defendants by personal service; (2) Defendants have not appeared; (3) default was entered against the Defendants by the clerk of court; (4) Defendants are not infants, incompetent, or in the military

3

service of the United States of America. In addition, Plaintiff has also shown with specificity how it calculated the amount of the judgment.

The court has considered the Chamberlain factors and finds that the prejudice to the Plaintiff resulting from the Defendants' breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the court granting default judgment. Further the Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See* World Entertainment Inc. v. Brown, 487 Fed.Appx. 758, 762 (3d Cir. 2012). Consequently, default judgment is appropriate.

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d,* § 2688 at 58-59 (1998); *see also* Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). If the damages are not for a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. Fed.R.Civ.P. 55(b)(2); *see also* Comdyne I, Inc., 908 F.2d at 1149. The Court may proceed by live testimony, affidavit or other appropriate evidence. International Longshoreman's Ass'n AFL–CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel, 995 F.Supp 564, 573 (E.D.Pa. 1998); *see also* Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Here, the plaintiff has provided, by a preponderance of the evidence, including all relevant documents, declarations, proofs of service and verification of all relevant documents, an adequate basis to substantiate the requested damages. Defendants have not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

### III. CONCLUSION

Accordingly, based upon the undisputed facts and the evidence presented through the pleadings, it is respectfully recommended that the Order requested by Plaintiff at ECF No. 7-2 be entered by the Court.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of this Report & Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Cynthia R. Eddy
CYNTHIA R. EDDY
United States Magistrate Judge

cc: PAUL A. OIEN SR. & KIM M. OIEN
454 Kings Run Road n/k/a 8 Matthews Lane
Shinglehouse, PA 16748

PAUL A. OIEN SR. & KIM M. OIEN
40 Jarrell Gardens Lane
Taylorsville, NC 28681

Plaintiff via CM-ECF.