IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Civil Action No. 14-273E |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Senior United States District Judge |
| | ) | Terrence F. McVerry |
| PAUL A. OIEN, SR. AND KIM M. OIEN, | ) | |
| | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case was commenced on October 31, 2014, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. On March 19, 2015, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 10) recommending that Plaintiff's Motion for Default Judgment against Defendants Paul A. Oien, Sr. and Kim M. Oien (ECF No. 7) be granted and that Plaintiff's proposed order located at ECF No. 7-2 be entered against Defendants. That same date, Defendants were mailed a copy of the Report and Recommendation at their last known address, which advised Defendants that they had fourteen (14) days to file written objections to the Report and Recommendation. To date, no Objections to the Report and Recommendation were filed.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW,** to wit, this 8th day of April, 2015, after consideration of the foregoing Motion upon Default for Judgment in Mortgage Foreclosure and for Deficiency Judgment (ECF No. 7), heretofore filed by the Plaintiff, United States of America, it is hereby

1

ORDERED that said Motion is GRANTED.

It is further ORDERED that Judgment by Default is hereby entered against Defendants, Paul A. Oien, Sr. and Kim M. Oien for failure to answer and in favor of Plaintiff, United States of America, as follows:

1. Judgment is entered in favor of Plaintiff, United States of America, and against Defendants, PAUL A. OIEN, SR. AND KIM M. OIEN, in the amount of $61,562.81 plus interest at the rate of $6.67 per day from July 21, 2014 to the date of any Marshal's Sale or other sale of Property.

2. That the promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property located at 454 Kings Run Road n/k/a/ 8 Matthews Lane Shinglehouse, PA 16748 ("Property").  In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C 1701(k); U.S. v. Forest Glen Senior, 278 F.Supp. 343, 343 (Or. 1967)

3. That the Property described therein be sold according to the following:

   (a) The United States Marshal for the Western District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001.  Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce costs and expenses of the sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

   (b) Ten percent (10%) of the highest sum bid must be deposited by the highest bidder in cashier's check or certified check with the Marshal within one hour of the property being struck down to such bidder.  The balance of the purchase price shall be paid in cashier's check or certified check within thirty (30) days after Marshal's Sale Otherwise, the purchaser will forfeit

their deposit and the Marshal may settle with a second bidder who has made the required deposit at the Marshal's Sale and thereby registered their willingness to take the property at the highest price bid, provided such second bidder deposits the balance of the purchase price within 10 days after notice from the Marshal of the first bidder's default. If no second bid be registered, the property may be sold again at the risk of the defaulting bidder, and in case of any deficiency in such resale, the defaulting bidder shall make good the same to the person injured thereby and the deposit shall be forfeited and distributed with the other funds created by the sale.

(c) Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

(d) Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty (30) days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

It is further ORDERED that the Report and Recommendation is adopted as the Opinion of the Court.

s/ Terrence F. McVerry<br>
Senior United States District Judge

cc:     Plaintiff via CM-ECF

        PAUL A. OIEN SR. & KIM M. OIEN
        454 Kings Run Road n/k/a 8 Matthews Lane
        Shinglehouse, PA 16748

        PAUL A. OIEN SR. & KIM M. OIEN
        40 Jarrell Gardens Lane
        Taylorsville, NC 28681